(63 South 891.)

No. 19,544.

TORRES v. KRACKE & FLANDERS.

(Dec. 15, 1913.)

*(Syllabus by Editorial Staff.)*

MASTER AND SERVANT (§ 107*)—MASTER'S LIABILITY—SAFE PLACE FOR WORK.

A servant, operating an engine which ran a hoisting elevator to the roof of a shed in course of construction, stood 12 feet away from the elevator shaft, and a plank belonging to another contractor fell through a hole in the roof and in its fall struck the side of the shaft, rebounded, struck the ground, and again rebounded, striking plaintiff. *Held*, that his place of work was reasonably safe; that the contingency of the falling material taking such a circuitous course was too remote for defendant to have been required to foresee and provide against it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Joseph Anthony Torres against Kracke & Flanders. Judgment for defendant, and plaintiff appeals. Affirmed.

Woodville & Woodville, of New Orleans, for appellant. T. M. & J. D. Miller and Gordon Boswell, both of New Orleans, for appellee.

PROVOSTY, J. While plaintiff was at the place assigned him by defendants for operating an engine that ran an elevator which defendant had installed for hoisting material to the roof of one of the large steel frame sheds of the dock board on the river front, that was being constructed, a plank fell through a hole in the roof and struck him, and for this injury he brings the present suit, claiming that defendants were negligent in assigning him an unsafe place to work in.

Overhead of plaintiff was a solid roof. Between him and the space beneath the hole through which the plank fell was the elevator shaft extending from the ground to the roof, a skeleton work structure, all uprights and braces. He stood some 12 feet from this elevator shaft. The plank was 8 feet long, 1¼ inches thick, and 5 inches wide. It fell from a height of some 45 feet. On its way down it struck the side of the elevator shaft, probably the projecting end of one of the braces, and rebounded, and then struck the ground, and again rebounded. For striking plaintiff it had therefore to move laterally some 12 feet, plus the diameter of the elevator shaft (what this diameter was is not stated in the record), and had to pass around the elevator shaft.

It is suggested that it would have been safer to have placed the engine further away from below this hole in the roof. That is true, but it does not follow from this that the placing it where it was placed was negligent. The question is whether the place was reasonably safe. We think it was. We think the contingency of any piece of material that might fall through this hole following the lateral and circuitous course that this one did was too remote for the defendants to have been required to foresee it and provide against it.

It may be well to mention that the plank belonged to another contractor, and that the defendants were in no wise responsible for its falling.

Judgment affirmed.